UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-3877(DSD/JJG)

Sun Life Assurance Company
of Canada,

       Plaintiff,

v.                                                              **ORDER**

John R. Paulson, The Atticus
Fund, LP, Coventry First, LLC,
Erwin B. Johnson, LL)P as
Trustee of the Orca Finance Trust,
Michael J. Antonello, and
Thomas M. Petracek,

       Defendants.

      John Harper III, Esq., Terrance J. Wagener, Esq. and Krass Monroe, PA, 8000 Norman Center Drive, Suite 1000, Minneapolis, MN 55437, counsel for plaintiff.

      Thomas E. Brever, Esq. and Foster & Brever, 2855 Anthony Lane, Suite 200, St. Anthony, MN 55418, counsel for defendant Paulson.

      Rick E. Kubler, Esq. and Gray, Plant, Mooty, Mooty & Bennett, 80 South Eighth Street, Suite 500, Minneapolis, MN 55402, counsel for defendant Atticus Fund.

      Jeffrey S. Storms, Esq., Christine L. Nessa, Esq. and Oppenheimer, Wolff & Donnelly, Plaza VII, Suite 3300, 45 South Seventh Street, Minneapolis, MN 55402 and Brian P. Brooks, Esq., Sarah Al. Goldfrank, Esq. and O'Melveny & Meyers, 1625 Eye Street N.W., Washington, D.C. 20006, counsel for defendant Coventry First LLC.

      Brent A. Lorentz, Esq., Brooks F. Poley, Esq. and Winthrop & Weinstine, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402, counsel for defendants Erwin B. Johnson and Michael Antonello.

      This matter is before the court on defendant Coventry First, LLC's ("Coventry") motion to dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(6).  Based upon a review of the file, record and proceedings herein, and for the following reasons, the court grants Coventry's motion.

**BACKGROUND**

This federal diversity action arises out of several life insurance policies issued by plaintiff Sun Life Assurance Company of Canada ("Sun Life") to defendant John R. Paulson ("Paulson"). On October 11, 2002, Sun Life issued life insurance policy number 020075360 ("360 Policy") identifying Paulson as the insured. (Compl. ¶ 15.)  As required by Minnesota Statute § 61A.03, subdivision 1(c), the 360 Policy provides that "[a]fter this Policy has been in force during the lifetime of the Insured for a period of two years from its Issue Date, [Sun Life] cannot contest it except for non-payment of Premiums."  (Def. Ex. A at 12MN.[1]) Paulson, at the time he obtained the 360 Policy, intended to sell it to a third party after expiration of the contestability period, and Coventry later obtained ownership of the policy.  (Id. ¶¶ 22, 76.)

---

[1] Although the terms of the 360 Policy are not contained in the complaint, the court determines that the 360 Policy itself is "necessarily embraced by the complaint." See Enervations, Inc. v. Minn. Mining & Mfg. Co., 380 F.3d 1066, 1069 ("Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." (citations and quotations omitted)).

2

On September 4, 2007, Sun Life filed a ten-count complaint[2] in federal district court seeking, among other things, to rescind or void the 360 Policy.  Coventry filed the instant motion on October 15, 2007, arguing that Sun Life's claim is time-barred by the 360 Policy's incontestability provision.

## DISCUSSION

**I.   Standard of Review**

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  This statement does not require detailed factual allegations so long as it "give[s] the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  However, a court will dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted if, after taking all facts alleged in the complaint as true, those facts fail "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

---

[2] "Claim XI" in the complaint should read "Claim X".

**II. Insurable Interest**

Under Minnesota law,[3] an insurance policy is void *ab initio* if, at the time of the policy's issuance, the insured has no insurable interest. Cf. Christenson v. Madson, 149 N.W. 288, 289 (Minn. 1914). With respect to life insurance, "[a]ny reasonable expectation of pecuniary benefit or advantage from the continued life of another creates an insurable interest in such life." Rahders, Merritt & Hagler v. People's Bank of Minneapolis, 130 N.W. 16, 17 (Minn. 1911); see also Dight v. Palladium Life Ins. Co., 276 N.W. 3, 6 (Minn. 1937). Moreover, a validly procured life insurance policy is transferable to third parties who do not have an insurable interest in the life of the insured. See Peel v. Reibel, 286 N.W. 345, 346 (Minn. 1939).

Sun Life argues that the 360 Policy was void *ab initio* for lack of an insurable interest because Paulson, at the time he procured the policy, intended to transfer it to a third party. Minnesota courts have not expressly addressed this issue. Therefore, as a federal court sitting in diversity, the court "must predict how [the Minnesota Supreme Court] would decide this unresolved issue of state law, using decisions from other jurisdictions as aids." Midwest Oilseeds, Inc. v. Limagrain

---

[3] The parties have not raised a choice of law issue. In addition, the parties cite principally to Minnesota law, and all of the challenged insurance policies were issued to Paulson, a Minnesota resident. Therefore, the court will apply Minnesota law.

4

Genetics Corp., 387 F.3d 705, 715 (8th Cir. 2004); see also Richard H. Fallon, Jr., Daniel J. Meltzer & David L. Shapiro, Hart and Wechsler's The Federal Courts and the Federal System 642-44 (5th ed. 2003).

In Peel, the court held that the insured could give his properly procured life insurance policy to a third party without an insurable interest. 286 N.W. at 346. In dicta, the court stated that it would have a different problem if evidence had been presented showing that the insured took out the policy "as a mere cover for taking out insurance in the beginning in favor of one without [an] insurable interest." Id. (citation and quotation omitted). In light of this dicta, the court determines that the Minnesota Supreme Court would consider a life insurance policy void as against public policy if the policy was "procured under a scheme, purpose, or agreement to transfer or assign the policy to a person without an insurable interest in order to evade the law against wagering contracts."[4]  44 C.J.S. Insurance § 353 (2007);

---

[4] A wagering contract is "[a] contract the performance of which depends on the happening of an uncertain event made entirely for sport." Black's Law Dictionary 350 (8th ed. 2004). The insurable interest requirement developed to curtail the use of insurance contracts as wagering contracts by "distinguish[ing] between contracts that sought to dampen the risk of actual future loss and those that instead sought to speculate on whether some future contingency would occur. Without an insurable interest, there would be no actual loss; the contract would thus be a pure gamble." Jacob Loshin, Note, Insurance Law's Hapless Busybody: A Case Against the Insurable Interest Requirement, 117 Yale L.J. 474, 480 (2007).

accord Grigsby v. Russell, 222 U.S. 149, 156 (1911); Bankers' Reserve Life Co. v. Matthews, 39 F.2d 528, 529 (8th Cir. 1930) (citing Aetna Life Ins. Co. v. France, 94 U.S. 561, 564 (1876)); 44 Am. Jur. 2d Insurance § 1000 (2003) ("[A]ssignments made in bad faith and intended to circumvent the law, as where there was a preconceived agreement that the policy was to be assigned, will not be upheld."); Johnny C. Parker, Does Lack of an Insurable Interest Preclude an Insurance Agent From Taking an Absolute Assignment of His Client's Life Policy?, 31 U. Rich. L. Rev. 71, 79 n.24 (1997) (gathering cases). Moreover, the mutual intent of the insured and the third party to avoid the prohibition on wagering contracts determines the existence of such a scheme, purpose, or agreement. See 44 Am. Jur. 2d Insurance § 1001 (2003). The most important factor in determining the parties' intent is "whether or not the assignment [from the insured to the third party] was done in pursuance of a preconceived agreement." Id.

In this case, the complaint alleges that at the time Sun Life issued the 360 Policy, "Paulson intended to sell it at the conclusion of the contestability period." (Compl. ¶ 76.) The complaint, however, does not allege that a third party intended to purchase the 360 Policy at the time of its procurement, nor does the complaint allege any facts supporting such intent. Indeed, the complaint fails to identify a third party to whom Paulson intended to sell the 360 Policy. Rather, the complaint provides a general

6

allegation of Paulson's intent and indicates that at some unspecified date Coventry acquired the policy.  Paulson's intent, however, is irrelevant without facts or allegations suggesting that a third party lacking an insurable interest intended, at the time Paulson procured the 360 Policy, to acquire the policy upon expiration of the contestability period.  Likewise, Coventry's later acquisition of the 360 Policy is irrelevant without similar facts or allegations regarding its intent at the time Paulson procured the insurance.  Based upon the complaint's cursory allegations, ascribing such intent to Paulson and Coventry - or another third party - is purely speculative.  Therefore, the court determines that Sun Life has failed to allege facts that would make the 360 Policy void *ab initio*.  Accordingly, through application of the 360 Policy's two-year incontestability provision,[5] Sun Life has

---

[5] Sun Life's argument that the incontestability provision does not apply is premised on the 360 Policy being void *ab initio*. See 44 C.J.S. Insurance § 352 (2007) ("A policy issued to a person who has no insurable interest is void, from its inception, and is not rendered valid by a clause declaring it incontestable after the lapse of a specified period of time."); 44 Am. Jur. 2d Insurance § 767 (2003) ("An insurance policy which is invalid as being violative of public policy cannot be validated by the agreement of the parties that it shall be incontestable after a stated time."); Recent Case, 16 Minn. L. Rev. 713, 714 (1931) (incontestability clause cannot "fix rights which have heretofore been non-existent"); Note, Life Insurance - The Incontestable Clause, 3 Minn. L. Rev. 525, 527 (1919) ("The incontestable clause cannot bar the defense of want of an insurable interest.").  This argument fails, however, because Sun Life has not adequately alleged facts suggesting that the 360 Policy was void *ab initio*.

not stated a claim against Coventry upon which relief can be granted.

## CONCLUSION

Based on the above, **IT IS HEREBY ORDERED** that Coventry's motion to dismiss [Doc. No. 8] is granted.

Dated:   February 15, 2008

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court