**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
_____

Sun Life Assurance Company of Canada,

      Plaintiff,

vs.

John R. Paulson, The Atticus Fund, LP, Coventry First, LLC, Erwin B. Johnson, LLP as Trustee of the Orca Finance Trust, Michael J. Antonello, and Thomas M. Petracek,

      Defendants.

Court File No. 07-3877 (DSD/SRN)

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS AMENDED MOTION TO COMPEL LINCOLN NATIONAL LIFE INSURANCE COMPANY TO COMPLY WITH A SUBPOENA DUCES TECUM**

_____

## INTRODUCTION

Plaintiff Sun Life Assurance Company of Canada ("Sun Life") respectfully brings its Amended Motion to Compel Lincoln National Life Insurance Company ("Lincoln National") to Comply with a Subpoena Duces Tecum. Because Lincoln National refuses to produce a custodian of records or the requested documents absent a Court Order compelling compliance, Sun Life's motion should be granted.

## FACTS

On August 31, 2007, Sun Life filed a Complaint seeking, inter alia, rescission of seven life insurance policies ("the policies"), totaling $17 million in coverage, on the basis that the policies were void ab initio for lack of an insurable interest. (Complaint, ¶ 77). Specifically, Sun Life alleged that insured John R. Paulson procured the policies with the intention of selling them to entities which did not have an insurable interest in this life. (Id. at ¶ 76). The named-defendants

include Paulson, the policy holders, and life settlement companies that subsequently purchased the policies.

As part of discovery, Sun Life served a notice of deposition and subpoena duces tecum on non-party Lincoln National, scheduling a deposition of the custodian of records for April 25, 2008, and requesting the following documents:

> All documents dated from January 1, 2001 to present referencing, concerning or relating to John R. Paulson, including, but not limited to:
> 1. Applications for life insurance policies, including any documents used or referenced in completing the insurance applications insuring the life of John. R. Paulson;
> 2. Life insurance policies insuring the life of John R. Paulson;
> 3. Communications to or from or concerning:
>    a. Insurance companies;
>    b. Estate Planners;
>    c. Paulson, his agents, representatives, brokers, or beneficiaries to his life insurance policies; and
>    d. Life settlement or viatical companies, their agents, brokers or representatives.

(Exhibit A).

Following service of the subpoena, a Lincoln National representative contacted Sun Life indicating that it would not be producing its custodian of records or the requested documents absent a court order. Lincoln National confirmed its position in a letter dated April 18, 2008. (Exhibit B). Accordingly, Sun Life brings the present motion to compel Lincoln National's compliance with the subpoena.

## **LEGAL ARGUMENT**

A non-party must obey a duly-issued subpoena in the absence of an adequate excuse for non-compliance. Fed. R. Civ. P. 45(e); Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1342 (8th

Cir. 1975).  When a non-party fails to respond to a subpoena, a motion to compel is the proper mechanism to secure compliance.  See U.S. ex rel. God's Helping Hands v. Alexander, 1993 U.S. Dist. LEXIS 15925, 5-6 (D. Minn. Oct. 15, 1993) (recognizing that a motion to compel a non-party to respond to a subpoena is not the equivalent of a contempt proceeding brought against the non-party but "the latter merely is a possible outcome of the former").

Here, Lincoln National has confirmed that it will not comply with the subpoena absent a court order.  Lincoln National, however, has not asserted any excuse or deficiencies in the subpoena that warrant its non-compliance.  Further, the information in Lincoln National's custody and possession is relevant to this litigation and cannot be obtained in any other manner.  Accordingly, Sun Life had no choice but to bring the present motion to compel and the motion should be granted.

## CONCLUSION

For the foregoing reasons, Sun Life's motion to compel should be granted.

Dated:  August 4, 2008                                **KRASS MONROE, P.A.**

s/ Terrance J. Wagener
Terrance J. Wagener
John Harper III
8000 Norman Center Drive, Suite 1000
Minneapolis, MN   55437-1178
Telephone:  (952) 885-5999
Fax:  (952) 885-5969
Attorneys for Plaintiff

KM: 4843-4732-3650, V.  1