# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Sun Life Assurance Company of Canada,

      Plaintiff,

v.

John R. Paulson, The Atticus Fund, LP,
Erwin B. Johnson, LLP as Trustee of the
Orca Finance Trust, Michael J.
Antonello, and Thomas M. Petracek,

      Defendants.

Civil No. 07-3877 (DSD/SRN)

# O R D E R

---

Terrance J. Wagener, Esq., Krass Monroe, 8000 Norman Center Drive, Suite 1000, Minneapolis, Minnesota 55437, for Plaintiff Sun Life Assurance Company of Canada

Thomas E. Brever, Esq., Foster & Brever, PLLC, 2855 Anthony Lane South, Suite 200, St. Anthony, Minnesota 55418, for Defendant John R. Paulson

Rick E. Kubler, Esq., Gray Plant Mooty Mooty & Bennett, PA, 80 South 8th Street, Suite 500, Minneapolis, Minnesota 55402, for Defendant The Atticus Fund, LP

Brooks Poley, Esq., Winthrop & Weinstine, 225 Sixth Street, Suite 3500, Minneapolis, Minnesota 55402, for Defendants Erwin B. Johnson, LLP as Trustee of the Orca Finance Trust, Michael J. Antonello, and Thomas M. Petracek

Kyra Anne Grundeman, Esq., O'Melveny & Myers LLP, 1625 Eye Street Northwest, Washington, D.C. 20006, for Coventry First, LLC

---

SUSAN RICHARD NELSON, United States Magistrate Judge

     This case is before the undersigned United States Magistrate Judge on Plaintiff Sun Life

Assurance Company of Canada's Motion to Amend the Complaint (Doc. No. 38) and Defendant

John R. Paulson's Motion for a Protective Order (Doc. No. 45). These pretrial matters have been

referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

## I.     The Motion to Amend the Complaint

Plaintiff Sun Life Assurance Company of Canada ("Sun Life") commenced this action on September 4, 2007, seeking to rescind seven life insurance policies on the basis that the policies were void <u>ab initio</u> for lack of an insurable interest.  Sun Life originally issued the policies to Defendant John R. Paulson ("Paulson"), who assigned the policies after the contestability periods to three life settlement companies, Defendant The Atticus Fund, LP ("Atticus"),[1] Defendant Erwin B. Johnson, LLP, as trustee of the Orca Finance Trust ("Orca"), and former Defendant Coventry First LLC ("Coventry").  Sun Life alleged in its original complaint that the insurance policies were void <u>ab initio</u> because at the time Paulson procured the policies, he intended to transfer them to third parties.  Sun Life also alleged that the policy applications submitted by Paulson and the transaction promoters, Defendants Michael J. Antonello ("Antonello") and Thomas M. Petracek ("Petracek"), contained material misrepresentations about the amount of in-force life insurance carried by Paulson.

Coventry moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint did not sufficiently allege that it intended and agreed to purchase a policy at the time Paulson acquired it.  Addressing the motion, the Honorable David S. Doty, United States District Court, first recognized that the Minnesota Supreme Court has not addressed whether an insurance policy is void <u>ab initio</u> for lack of an insurable interest when an insured intends to transfer the policy to a third party at the time the policy is acquired.

---

[1] Atticus is now named the Attilanus Fund I., L.P.

Predicting how that court would rule, Judge Doty determined that a life insurance policy is void if it was "procured under a scheme, purpose, or agreement to transfer or assign the policy to a person without an insurable interest in order to evade the law against wagering contracts." (Order at 6, Feb. 15, 2008) (quotation and citations omitted).  Applying the rule to the present case, Judge Doty found that the complaint "does not allege that a third party intended to purchase the . . . policy at the time of its procurement, nor does the complaint allege any facts supporting such intent.  Indeed, the complaint fails to identify a third party to whom Paulson intended to sell the . . . policy." (Id.)  Judge Doty ruled that allegations of Paulson's intent were insufficient absent allegations that a specific third party without an insurable interest intended at the time the policy was procured to acquire the policy after the contestability period.  (Id. at 7.)  Judge Doty deemed immaterial the fact that Coventry later acquired the policy, because there was no allegation that it intended to acquire the policy at the time Paulson procured it.  (Id.)  These pleading deficiencies meant that Sun Life had not alleged facts making the policy void ab initio, and Coventry's motion to dismiss was granted.

After the dismissal of Coventry, the remaining life settlement companies asked Sun Life to dismiss its claims against them because the claims were identical in nature to its claims against Coventry.  Sun Life refused and asked all of the remaining Defendants to stipulate to an amended complaint.  Defendants declined to stipulate because they believed their acquiescence to the amendments would violate Federal Rule of Civil Procedure 11(b)(3), as they knew that Sun Life had no evidence of their intent or involvement in any agreement to purchase the policies at the time they were issued.

Sun Life then prepared an amended complaint setting forth additional allegations of

3

Paulson's alleged scheme to purchase and transfer the policies.  Sun Life filed a motion to amend

the complaint on March 25, 2008, after the deadline for such motions, which was March 1, 2008.

Sun Life failed to attach a copy of the proposed amended complaint to the motion, as required by

D. Minn. LR 15.1.  Sun Life later filed an amended motion to amend the complaint, as well as a

copy of the proposed amended pleading, on April 14, 2008.  This motion is the one presently

before the Court.  At Sun Life's request, Defendants permitted Sun Life to engage in discovery

regarding whether Paulson and the life settlement companies agreed and intended at the time the

policies were purchased to transfer the policies to the life settlement companies.  Sun Life took

several key depositions, including those of Antonello and Petracek, and received thousands of

pages of documents.  To accommodate the discovery, the motion hearing date was moved twice,

and the Court finally heard the motion on August 18, 2008.

Sun Life argues that additional discovery will likely yield evidence that Paulson, his

agents, and the life settlement companies agreed and intended at the time the policies were

purchased to assign the policies to the life settlement companies.  The existing Defendants and

Coventry oppose the motion to amend on the grounds of untimeliness, futility, bad faith,

frivolousness, and prejudice.

## A.    The Standard for Amendment of Pleadings

Federal Rule of Civil Procedure 15(a) sets forth the standard for amendment of pleadings.

After a responsive pleading has been served, a party may amend its complaint under Rule 15

"only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

Although a "court should freely give leave when justice so requires," id., "[t]here is no absolute

or automatic right to amend," Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 224

(8th Cir. 1994).  Ordinarily, motions to amend should be granted absent a good reason for denial such as undue delay, bad faith, prejudice to the other party, or futility.  Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989).

### B.    Procedural Defects

The motion to amend was filed after the deadline to amend pleadings, and it is therefore untimely.  Moreover, Sun Life has not shown extraordinary circumstances, or even good cause, to excuse the delay.  See D. Minn. LR 16.3(a), (c).  Although the deadline to amend passed just two weeks after the District Court's order, the case had been ongoing for almost six months by that point.  Sun Life has not offered any explanation why it could not have timely filed its motion to amend or filed a motion for an extension.  Nonetheless, the Court will not deny the motion on this basis and will address the merits of the motion.

### C.    Frivolousness

The remaining Defendants and Coventry vigorously argue that Sun Life's motion was brought frivolously.  Sun Life's counsel acknowledged at the motion hearing that, even after almost a year since the case was filed, he still has no evidence of an agreement between Paulson and any Defendant or Coventry, at the time the policies were purchased, to transfer the policies after the contestability periods.  Sun Life's counsel reasoned that "where there is smoke, there must be fire," but conceded that all he had at this time was an argument.

A court may deny a motion to amend on the merits "only if it asserts clearly frivolous claims or defenses."  Becker v. Univ. of Neb., 191 F.3d 904, 908 (8th Cir. 1999) (citation omitted).  Similarly, if the undisputed facts show that there are no "colorable grounds for relief," a court may properly withhold leave to amend.  White v. Moulder, 30 F.3d 80, 83 (8th Cir.

1994).

In the six months since Judge Doty's dismissal order, Sun Life deposed Antonello, Petracek, and other key witnesses, and acquired thousands of pages of documents from Defendants.  Defendants have twice consented to extensions of the motion hearing date to accommodate Sun Life's requests for more time to locate evidence to support the existence of any illicit agreement or intent.  Yet none of the discovery obtained by Sun Life contains any evidentiary support of an agreement between Paulson and the life settlement companies, or of an intention by the life settlement companies to purchase the policies, at the time the policies were procured.  To the contrary, the evidence invariably indicates that no such agreement or intention existed.  Sun Life contends that the requisite agreements and intent can be inferred from evidence of Paulson's acquisition of large amounts of life insurance from different insurers, the misrepresentations in Paulson's applications for insurance coverage concerning the amount of in-force coverage, and Paulson's subsequent sales of the policies on the secondary market. Critically, however, none of this evidence implicates the life settlement companies.  Evidence of Paulson's conduct alone does not create an inference of specific, illicit conduct or intent by the life settlement companies.  Finally, it is not likely that Sun Life will be able to garner any evidence of illicit agreements or intent, given that Sun Life has had more than a reasonable opportunity to investigate the existence of any such agreements.  Based on the utter lack of evidentiary support, the Court concludes that the proposed amendments are clearly frivolous.

As one court in this District has phrased it, to permit Sun Life to amend its complaint in the face of the undisputed evidence produced thus far would require the Court "to engage in a fiction."  See Edwards v. Wyeth, Inc., Civ. No. 07-3921 (DWF/SRN), 2008 WL 1908907, at *5

(D. Minn. Apr. 25, 2008) (Frank, J.).  In Edwards, the court denied the plaintiff's motion to amend because the proposed amendments were directly contradictory to key facts.  Id. Similarly, here, Sun Life is attempting to allege facts that are directly contrary to the actual facts. The Court cannot permit Sun Life to proceed on an admitted fiction.

### D.    Bad Faith

In a meet-and-confer meeting between counsel prior to the motion hearing, Defendants raised their concern that if Sun Life's counsel persisted in seeking to amend the complaint, he risked violating Federal Rule of Civil Procedure 11(b)(3).  This Rule requires an attorney who presents a pleading or motion to the Court to have knowledge, information, and belief that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed. R. Civ. P. 11(b)(3).  The Court is concerned, given the discovery obtained by Sun Life's counsel thus far, that he does not have knowledge or information that the proffered amendments are supported by evidence or a well-founded belief that further discovery may yield evidence. However, no party has explicitly moved for sanctions under Rule 11(b)(3), and in any event, the Court is not convinced that sanctions are appropriate.  Accordingly, the Court confines its discussion of bad faith to the law of amendment.

A party acts in bad faith in seeking to amend a complaint when it proposes to add allegations "that it cannot in good faith support" with evidence.  St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 144 F. Supp. 2d 1057, 1066 (N.D. Iowa 2001) (citation omitted). Here, Sun Life has had a significant opportunity to discover evidence to support its claims. However, none of the discovery shows that any of the life settlement companies so much as

communicated, much less agreed, with Paulson, Antonello, Petracek, or anyone else about acquiring the policies prior to their issuance; that the life settlement companies provided funds with which to pay the policy premiums; or that the life settlement companies otherwise had any intention to purchase the policies when they were issued. The Court therefore concludes that Sun Life cannot in good faith support its new allegations, and the amendments will not be allowed.

### E.    Futility

When a party opposes a motion to amend on the basis of futility, the court must apply the same standard as on a Rule 12(b)(6) motion to dismiss. <u>Weimer v. Amen</u>, 870 F.2d 1400, 1407 (8th Cir. 1989); <u>White Consol. Indus., Inc. v. Waterhouse</u>, 158 F.R.D. 429, 434 (D. Minn. 1994) (citations omitted). To survive a Rule 12(b)(6) motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Co. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007). The Court must assume all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. <u>Morton v. Becker</u>, 793 F.2d 185, 187 (8th Cir. 1986) (citations omitted).

In order to state a viable claim against the life settlement companies, according to Judge Doty's order, the complaint must identify a specific third party who intended to acquire the policy at the time it was originally purchased by Paulson. However, the amended allegations fall short of this mark, as demonstrated by the following new paragraphs:

> [A]t the time each of the Sun Life policies was issued, Paulson and/or the original policyowners intended to convey and had an agreement with Coventry, Atticus, Orca and/<u>or other third parties</u> that did not have an insurable interest in Paulson's life, to convey each of the Sun Life policies.
>
> At the time each of the Sun Life policies was issued, Coventry, Atticus, Orca

and/or other third parties that did not have an insurable interest in Paulson's life
intended to acquire and had an agreement with Paulson and/or the original
policyowners to acquire each of the Sun Life policies.

(Proposed Am. Compl. ¶¶ 123, 124) (emphasis added).  Due to Sun Life's use of the disjunctive

"or" and the reference to unnamed third parties,  neither of these paragraphs alleges with the

requisite specificity that Coventry, Atticus, and Orca reached an agreement with Paulson or

intended to purchase the policies at the time they were issued.  Indeed, the allegations could refer

to any person or entity.  In the context of the law of this case, as defined by Judge Doty's order,

the new allegations fail to state a claim for rescission.

The proposed amended complaint is also deficient in that it contains no specific factual

allegations of intent.  Judge Doty specifically warned Sun Life against making "purely

speculative" allegations of intent.  (Order at 7, Feb. 15, 2008.)  Yet the proposed amended

complaint alleges only that the policy premiums were paid by the life settlement companies or

another entity without an insurable interest in Paulson's life, and that the policies were

subsequently transferred to the life settlement companies.  (Proposed Am. Compl. ¶¶ 46, 47, 57,

58, 68, 69, 79, 80, 90, 91, 101, 102, 112, 113).  These vague allegations do not ascribe any

specific intent to any named defendant.  Moreover, the mere fact that a life settlement company

purchased a policy from Paulson after the expiration of the contestability period does not

establish that the company intended to purchase the policy when it was issued.  (See Order at 7,

Feb. 15, 2008.)

**F.    Conclusion**

Justice does not require that Sun Life be allowed to amend its complaint at this time,

primarily because there is no factual support for the amendments even after Sun Life has

9

engaged in substantial discovery.  After Sun Life received Judge Doty's order, it knew exactly what facts it needed to support its allegations, but an additional six months of discovery failed to yield that evidence.  To permit Sun Life to allege facts contrary to the evidence would require the Court to engage in a fiction, which the Court will not do.  In addition, amendment would be futile, and Sun Life's request to amend is untimely.

Even though Sun Life has already obtained substantial discovery, the Court recognizes that the discovery period has not yet concluded.  The Court will therefore deny Sun Life's motion to amend without prejudice.

## II.    The Motion for a Protective Order

Paulson moves for a protective order prohibiting Sun Life from taking his oral deposition.  He explains that he suffers from diabetes, hypertension, and dementia, the symptoms of which are worsened by stressful situations.  Paulson's physician submitted an opinion that an oral deposition could be injurious to his health.

Federal Rule of Civil Procedure 26(c)(1) permits a court to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," upon a showing of good cause.  The moving party bears the burden to show good cause and must offer more than conclusory and stereotypical statements.  Misc. Doc. Matter No. 1 v. Misc. Doc. Matter No. 2, 197 F.3d 922, 926 (8th Cir. 1999).  Here, Paulson has offered only a conclusory statement of his doctor that an oral deposition could injure his health.  Moreover, Paulson is a key, party witness in this case, and Sun Life is certainly entitled to depose him.  Rather than deny Paulson's motion outright, however, the Court will grant the motion in part, in that it will impose conditions on his deposition, pursuant to Rule 26(c)(1)(B).

Paulson's deposition will take place in the United States Courthouse at a time when the undersigned Magistrate Judge is present.  The deposition will last no more than four hours of actual deposition time.  The parties must break at least every forty minutes, and Paulson can request a break whenever he wishes.  If after an hour into the deposition it becomes apparent to any party that the deposition should not proceed, that party must contact the undersigned Magistrate Judge immediately so that the matter can be promptly addressed.

**THEREFORE, IT IS HEREBY ORDERED** that:

1.    Plaintiff Sun Life Assurance Company of Canada's Motion to Amend the Complaint (Doc. No. 38) is **DENIED WITHOUT PREJUDICE**; and

2.    Defendant John R. Paulson's Motion for a Protective Order (Doc. No. 45) is **GRANTED** in part and **DENIED** in part as set forth fully herein.

Dated: September 3, 2008

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge